# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

MATTHEW RODGERS,

       Plaintiff,                               Case No. 06-14541

v.                                         Honorable John Corbett O'Meara

MICHIGAN STATE TROOPER DAVERSA
and MICHIGAN STATE TROOPER
THOMPSON,

       Defendants.

_____/

## OPINION AND ORDER GRANTING
## <u>DEFENDANTS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT</u>

This matter came before the court on Defendants' May 15, 2007 motion to dismiss or for summary judgment. Plaintiff Matthew Rodgers filed a response June 5, 2007; and Defendants filed a reply August 13, 2007. Oral argument was heard August 16, 2007.

Plaintiff Rodgers filed this complaint against Rocco Daversa and Eric Thompson, two Michigan State troopers, alleging violations of 42 U.S.C. § 1983, claiming that the officers had violated his constitutional rights by using excessive force during his arrest December 11, 2003, and for failing to have probable cause for the arrest.

On July 31, 2007, a jury in the Circuit Court for the County of Wayne in the State of Michigan returned a verdict in favor of defendants Daversa and Thompson in a case filed by plaintiff Rodgers that arose from the same arrest.

## LAW AND ANALYSIS

The United States Court of Appeals for the Sixth Circuit, explaining the doctrine of *res judicata*, has held that a claim is barred by prior litigation if the following elements are present: 1) a final decision on the merits by a court of competent jurisdiction; 2) a subsequent action between the same parties or their privies; 3) an issue in the subsequent action was litigated or should have been litigated in the prior action; and 4) an identity of the causes of action. Wilkins v. Jakeway, 183 F.3d 528 (6th Cir. 1999). The action is barred even if the second suit is based on a different legal theory than the first.[1] Id. at 535.

In this case all four elements are present. A final decision on the merits was reached in Wayne County Circuit Court on July 31, 2007. The parties to both actions are the same. The dominant issues in the Wayne County case, as in this case, were whether the defendant officers had probable cause to arrest plaintiff Rodgers and whether they used excessive force to effectuate that arrest. Identity of causes of action means an "identity of the facts creating the right of action and of the evidence necessary to sustain each action." Sanders Confectionery Prods. v. Heller Fin., Inc., 973 F.2d 474. 484 (6th Cir.) cert. denied, 506 U.S. 1079 (1993). The facts and evidence in both of these cases involves the circumstances and actions of the parties during the traffic stop on December 11, 2003. Because all four elements are present here, Plaintiff's federal suit is barred by the doctrine of *res judicata*.

Under the doctrine of collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different

---

[1] In the Wayne County case, Plaintiff's claims were for assault and battery, false arrest and imprisonment, and wrongful prosecution.

cause of action involving a party to the first case.  <u>Allen v. McCurry</u>, 449 U.S. 90 (1980).  State court judgments are to be given preclusive effect whenever the courts of that state would do so.  <u>Id</u>. at 96.

In Michigan, for collateral estoppel to be given preclusive effect, the following three elements must be satisfied: 1) a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment; 2) the same parties must have had a full opportunity to litigate the issue; and 3) there must be mutuality of estoppel.  <u>Monat v. State Farm Ins. Co.</u>, 469 Mich. 679, 683-84 (2004).

The questions of whether the defendant officers had probable cause to arrest plaintiff Rodgers and whether they used excessive force in arresting him were fully litigated in the state court assault and battery claim, as the jury necessarily must have considered whether they used more force than necessary when it found that the officers had not committed assault and battery.  Both cases involved exactly the same parties.  Finally, there is a mutuality of estoppel because if Plaintiff had prevailed in his assault and battery claim in the state suit, he would argue here that the issue of excessive force had been previously decided in his favor and that the decision would be entitled to preclusive effect.  All three elements are met; thus, Plaintiff's § 1983 claims in this suit are barred by the doctrine of collateral estoppel.

## ORDER

It is hereby **ORDERED** that Defendants' May 15, 2007 motion to dismiss or for summary judgment is **GRANTED.**

s/John Corbett O'Meara
United States District Judge

Date: September 5, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 5, 2007, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager